Chief Justice Robertson
delivered the opinion of the court.
Isaac Shelby sued George Crowdus in assumpsit, for money which he averred that he had paid, as his surety to the Bank of the United States, in a note for four hundred dollars, executed by W. W. Prewit, George Crowdus, Munford J. Ball, Poland Kenly, and Isaac Shelby, dated 27th Nov. 1827, and payable in sixty days.
On the trial on the general issue, the jury found a verdict, on the 14th of Nov. 1829, for four hundred ■and forty-eight dollars and forty-two cents, for which the court rendered judgment.
The assignment of errors presents various objections to the judgment, all of which will be briefly noticed.
1st. The plaintiff insists, that the court erred in overruling a motion made for a continuance, on his own affidavit, alleging, that he could not procure some material witnesses. No good cause for a continuance was shown. It did not appear, that the witnesses, or the benefit ot their testimony, might not have been procured by the exercise of reasonable dill- *62 gence; and ,their testimony would not have been rna-, Serial, or admissible. Nothing, which W. W. Prewit have said, could have been competent evidence against Shelby.
Payment of 8uret°btnf * t?ef Hm°tore-imbursoment from the print orto contri!^’ hutionprorata from his ^3-
who ha-- paid the debt, release one ofhis co-sureties, that onerate\hd" other CO sure•ties nor print cipal obligor i““$ debtP'a^ tbe
2d. The plaintiff complains, that the court erred in refusing to instruct the jury, on his- motion, that a re-, ^ease Munford J. Ball, by the defendant, operated as a 'egalext‘nguishment of the cause of action. It was proved, that both Ball and Shelby were sureties only, The payment of the amount of the note by Shelby, en^^e<^ him to reimbursement by the principal oblR gor> or to contribution pro rata, by his co-sureties¡, To that extent, the law implied a several assumpsit ^ ^ls c0‘°hligor. His release, therefore, oí a surety, could not affect the liability of the principal obligor, nor even that of the co-sureties,
3d. The main ground relied on, is, that the court errec* *n overruling a motion for a new trial. The causes assigned, for a new trial, may be included in in two classes. 1st. That the evidence did not jus* tify the verdict. 2d. That the plaintiff was surprise oilb, the te.llmtny of Ball.
"Phe evidence did certainly authorize the jury to find a verdict against the plaintiff. That the defendant was a surety, and had paid to the bank the amount of the note,cannot be doubted; and the facts proved conduced to show, and, we think, satisfactorily, that the plaintiff was, in fact, the principal, and. sole principal, in the note. The amount of the verdict may exceed that to which the defendant was entitled; but the record does not authorize this court to decide that it does. The verdict is, for th„e amount of the principal sum, and legal interest thereon from the time when the note became due. A receipt proved on the trial, was for principal and interest,from the 1st of April, 1828. But the record does not show, that it contains all the evidence which was given on the trial; but does show, that “the jury found a verdict for the, whole amount, which Alfred Shelby proved that the defendant had paid'on the note in bank.”
2d. The principal question in the circuit court seemed to be, whether the plaintiffin error, or W. W. Prewitt, was the principal obligor. A paper, purporting to be a release of M. J. Ball, by the defend *63 -ant in error, having been proved by Alfred Shelby, the subscribing witness to it, Ball was examined as a witness, and swore, that the plaintiff had admitted, that he was the principal in the note. After the verdict was received, the counsel for the plaintiff stated, that he had ascertained, since the trial, that the release was executed by Alfred Shelby on the day of the trial; and to establish that allegation, he read the affidavit of the defendant’s counsel; who swore that, apprehending that Ball’s testimony might be necessary for his client, he stated' to Alfred Shelby, who was attending as a witness for his brother Isaac, that, in order to obviate any objection to Ball’s competency, it would be proper to release him from any ulterior liability; to which Alfred replied,that Isaac Shel'by, (who was not at court,) had given some receipt, or other writing, as evidence of his release of Ball’s interest; and that he (Alfred,) had authority to release Ball, or to do any thing else, which might become necessary or expedient, in the management of the suit. That, thereupon, the release was drawn, and the defendant’s name subscribed to it, on the day of the trial; that it was antedated, without any other motive than an impression, that its dale should correspond with that of the alleged prior release. That Alfred was then told, that it might be necessary, on the trial, to prove his authority, to subscribe his brother’s name; to which he replied, that he would be ready and able to do so, if required. But that he did not, when he proved the release, allude to the manner of executing it, because he was not interrogated on that subject; but was asked only, whether the release was genuine, to which he answered affirmatively.
No affidavit of surprise was made by the plaintiff in error, or by his counsel; and there was not even an intimation that, on another trial, any defect of authority, to subscribe the name of the defendant in error to the release, would result from the examination of Alfred Shelby, or from other testimony. This court would not be authorized to infer, from the facts stated in the affidavit of the defendant’s counsel, that the plaintiff or his counsel had been surprised, or prejudiced, by the release. We cannot presume, gratuitously, that Alfred Shelby had no authority to execute the release; on the contrary, we should infer *64 from the facts, as they appear in the record, that he had competent authority. The antedating of the release could not-now be material, unless some fact had appeared, from which we could infer, that its spuriousness or ineffectiveness could be proved on another trial. Moreover, there is no reason to apprehend, that Ball had any suspicion that the release would not be effectual; and it is far from being certain, that he was not competent to prove, without a release, that the plaintiff, and not Prewit, was the principal obligor. Wherefore, the court did not abuse a sound •discretion,in refusing to grant a new trial,especially as the verdict might have been sustained without •Ball's testimony.
, Venny, for plaintiff
•3d. After the circuit court had designated parts of ■the affidavit of the defendant’s counsel, as irrelevant, and signed an exception which contained the entire affidavit, the plaintiff’s attorney presented another exception, containing only so much of the affidavit as had been decided to be relevant, and the court refused to sign it. This refusal is the basis of the 3d objection to the judgment. This objection is evidently unavailing; it was not the duty of the judge to sign such an exception; and if it had been, the Jaw provides the remedy, by allowing the by-standers to sign an exception, which the court may have improperly refused to sign.
4fh. The last objection is, that the declaration is insufficient. We .perceive nothing in this objection. The-declaration is good.
•it was suggested, on the motion for a new trial, that the plaintiff had -recently discovered, that he could prove that Ball, the witness, had paid a small part of the note, and that, therefore, the defendant was not entitled to a judgment for the whole amount. This suggestion was properly disregarded. It was not verified by an oath; and did not even intimate, that the alleged discovery had been made since the trial.
Having thus disposed of all the objections, which have been made to the judgment, it mast be affirmed.